# MATT SAVICH

**Attorney at Law**

39500 High Pointe Blvd.
Suite 400
Novi, Michigan 48375

Telephone (248) 344-2293
Fax (248) 888-8498
Email: mattsavichesq@gmail.com
Web: www.mattsavich.com

February 28, 2023

Hon. Bernard A. Friedman
US District Court – Eastern District
ECF only

    Re: *US v Michelle Johnson*
    Case no. 2:22-CR-20590

Dear Judge Friedman:

    Ms. Johnson instructed me to file the attached motion before today's hearing.

                                Sincerely,

                                MATT SAVICH

MS/ms
Encl.
C: AUSA Salzenstein
   Ms. Johnson

United States District Court
Eastern District of Michigan

United States of America
　　　　　Plaintiff

v

Michele Johnson
　　　　　Defendant

Case No: 2:22-CR-20590

## Motion

(1) Michele Johnson, Defendant moves this Honorable Court for Release from Pretrial Detention or Deny the Government's 45 day Motion to Adjourn and Dismiss the Untimely Indictment based on Speedy Trial Violations and Grant such Dismissal with Prejudice.

(2) The Defendant states that her right to a Speedy Trial under the Sixth Amendment; 18 USC 3161(b) and 18 USC 3164(b), has been twice violated.

(3) 18 USC 3164(c), Requires the Issuance of a Bond if the Trial of a Detained person Does Not Commence Within 90 days of the Continued Detention of......
　(a)(1) "A Detained Person who is being held in Detention Solely Because he is awaiting Trial....."
　(b) "Trial shall commence not later than 90 days following the period of Continued Detention."
　(c) "No Detainee Shall be held in Custody after the Expiration of such 90 days, pending Trial."....

(4) 18 USC 3161(b), Sets Time Limits for the Indictment or Information to be Filed within 30 days from Date of Arrest or Summons.

(1)

(5) The Speedy Trial Clock began on Sept 7, 2022, and as of Feb 5, 2023 #153 days have passed and #45 days are excludable in the computation as specified in 18 USC 3161(h) as follows:

| Days: | Date: | Reason: |
|---|---|---|
| 1 | Sept 7, 2022 | Complaint Filed - Day of Arrest |
| 1 | Oct 27, 2022 | First Appearance |
| 1 | Nov. 1, 2022 | Detention Hearing |
| 7 | Nov. 3, 2022 | Motion Filed |
| | Thur Nov. 9, 2022 | Indictment Filed - Day #64 |
| 10 | per 18 3161(h)(F) | Travel Excluded |
| #20 days | | |
| 1 | Nov. 10, 2022 | Court Date |
| #21 days | | |

64
- 20
#44    Indictment Filed on Nov 9, 2022
        Day #64 Less #20 Excludable Days

24    Nov. 28, 2022           Motion Filed
      Thur
      Dec. 21, 2022           Court Date
#45 days excluded           #108 nonexcludable
24 + 21 = 45                days  153 - 45 = 108

(6) The 18 USC 751 Escape Indictment was built from the end of prison sentence transfer of the defendant to a Community Correctional Center (CCC) that failed the Health and Habitability test set by Congress per 18 USC 3621(b). These nationwide Community Correctional Centers (CCC) are designed to assist with the successful facilition of reintegration back to society for completed prison sentenced detainees, so long as these Community Centers

(2)

MEET MINIMUM STANDARDS OF SAFETY AND CARE, BECAUSE THESE PRIVATELY OWNED (CCC's) ARE OUTSIDE THE SPHERE OF DIRECT FEDERAL CONTROL. THE (CCC) THE DEFENDANT WAS ASSIGNED TO FOR 5 MOS. WAS LOCATED DEEP IN A CRIMED DETROIT NEIGHBORHOOD WITH A VERIFIABLE DRUG HISTORY AND INVOLVED IN ILLEGAL ACTIVITES AND WAS SEVERELY UNINHABITABLE. THE DEFENDANTS "FEAR OF HER PERSONAL SAFETY FORCED HER TO REQUEST A RE-ASSIGNMENT, WHICH WAS UNSUCCESSFUL. THE GOVERNMENT MUST, AS WELL SHARE IN THE FAILURE OF THIS (CCC) ASSIGNMENT.

(7) THE DEFENDANT OPPOSES THE GOVERNMENTS MOTION TO ADJOURN FOR 45 DAYS WHILE THE DEFENDANT IS STILL IN FULL CONFINEMENT. THE GOVERNMENT HAS HAD 1½ YEARS TO PREPARE FOR TRIAL. THE GOVERNMENT WAS ADEQUATELY NOTIFIED, IN EARLY SEPTEMBER OF 2022 THAT THE DEFENDANT WAS IN CUSTODY AND READY TO RESOLVE THIS 14 YEAR OLD 2 INDICTMENT, 1 LITIGANT CASE. DEFENDANT WAS NOTIFIED THAT THERE WAS A WARRANT FOR HER ARREST IN SEPTEMBER OF 2022 FROM THE 2009 14 YEAR OLD CASE THAT A 2012 WARRENT EXISTED. THE 2022 INDICTMENT WAS FILED LATE. THIS CASE IS NOT A MULTI-DEFENDANT UNUSUAL COMPLEX CASE TO JUSTIFY A ENDS OF JUSTICE ADJOURNMENT OUTWEIGHING THE BEST INTEREST OF.... THE GOV'S MOTION TO ADJOURN WAS FILED AFTER THE SPEEDY TRIAL VIOLATION OF 90 DAYS HAD EXPIRED PER 18 USC 3164 (a), (b), (c). DEFENDANTS INDICTMENT WAS FILED #64 DAYS AFTER ARREST AND SERVED WITH THE SUMMONS. CONGRESS DISCOURAGES LENGTHY DETAINMENTS AND PROMOTES THE COURTS TO BE SOCIETIES SANCTUARY AND NOT THE SWORD.

(3)

(8) A INDICTMENT DISMISSAL IS NOT THE ONLY WAY A COURT CAN SHOW THAT THE SPEEDY TRIAL ACT MUST BE FOLLOWED; PRE-TRIAL RELEASE CAN ALSO BE USED AS AN ALTERNATIVE REMEDY.

(9) THE ALLEGED 18 USC 751 STATUTE INFRACTION IS NOT SERIOUS ENOUGH TO TAKE PRECEDENCE OVER THE IRREVERSIBLE DETERIORATING HEALTH OF THE DETAINED DEFENDANT; CONSTANTLY BEING AGGRAVATED BY THIS GLOBAL COVID-19 VIRUS. IT'S NOT RECOMMENDED TO ENDURE MORE DELAY IN THE COVID-19 AWARE SOCIETY, WHICH WOULD PREJUDICE THE DEFENDANTS ABILITY TO DEFEND THIS CASE. THE DEFENDANT IS AT THE ADVANCE AGE MORE SUSCEPTIBLE TO CONTRACTING THE COVID-19 VIRUS AND AT A HIGHER RISK OF RECOVERY FAILURE. IN SEPT. 2022 BLACK SPOTS WERE FOUND ON THE DEFENDANTS LUNGS BY A BODY SCANNER. THE COUNTY JAIL HOUSING THE DEFENDANT IS DELIQUANT IN THEIR MEDICAL CARE AND HAS NOT YET PROVIDED A CT-SCAN OF THE DEFENDANTS LUNGS. THIS COUNTY JAILS STATE OF MICH MANDATORY DETAINEE OUTSIDE FRESH AIR REQUIREMENTS ARE NEVER FOLLOWED. AS A RESULT, DETAINEES ARE BREATHING UNHEALTHLY FULL-TIME RECYCLED BUILDING AIR.

(10) THE DEFENDANT HAS NEVER BEEN INVOLVED IN A VIOLENT CRIME, AND IS NOT ELIGIBLE FOR A DEATH OR LIFE SENTENCE. THE DEFENDANT HAS NEVER BEEN ON BOND AND HAS BEEN IN CONTINUOUS FULL DETAINMENT FOR #6 MOS AND DEFENDANT HAS NEVER

(4)

BEEN INVOLVED WITH ANY DRUG OR ALCOHOL USUAGE. THE DEFENDANT HAS HAD #10 SUCCESSFUL YEARS REINTEGRATING BACK TO SOCIETY AND THE COMMUNITY WITH NO CRIMES AND NO ARREST. THE DEFENDANT SUCCESSFULLY COMPLETED A 36 MONTH FULL CONFINEMENT SENTENCE FROM 2009 TO 2012 AT LOW-SECURITY OPEN DOOR, EASY TO WALK-AWAY ALDERSON W.VIRGINIA PRISON CAMP AND HAS NEVER BEEN ACCUSED OF OR ATTEMPTED ANY ESCAPE. THE DEFENDANT CAN BE TRUSTED.

WHEREFORE: THE DEFENDANT REQUESTS THIS HONORABLE COURT TO RELEASE HER ON HER OWN RECOGNIGANCE PENDING TRIAL PURSUANT TO 18 USC 3164 (a).(b) AND (c), BECAUSE SHE HAS BEEN HELD IN FULL CUSTODY FOR MORE THAN 90 NONEXCLUDABLE DAYS "OR" DENY THE GOVERNMENTS ADJOURNMENT MOTION "AND" DISMISS THE UNTIMELY INDICTMENT PURSUANT TO 18 USC 3161(b) AND GRANT SUCH DISMISSAL WITH PREJUDICE.

RESPECTFULLY SUBMITTED

_Michele Johnson_    2-16-23
MICHELE JOHNSON       DATE

(5)