United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

                                   Hon. Bernard A. Friedman

v.

                                   Case No. 22-20590

Michele Johnson,

        Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Michele Johnson, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.    Count of Conviction

The defendant will plead guilty to Count 1 of the Indictment. Count 1 charges the defendant with Escape under 18 U.S.C. §§ 751(a) and 4082(a).

## 2.    Statutory Maximum Penalties

The defendant understands that the count to which she is pleading guilty carries the following maximum statutory penalties:

| Count 1 | Term of imprisonment: | Up to five (5) years |
| | Fine: | Up to $250,000 |
| | Term of supervised release: | Up to three (3) years |

## 3.   Elements of the Count of Conviction

The elements of Count 1 are:

  (a)   The defendant escaped or failed to remain within the extended limited of her confinement;

  (b)   The defendant was in the custody of the Attorney General or confined in an institution where the prisoner is confined at the direction of the Attorney General; and

  (c)   The defendant's confinement was pursuant to a judgment of conviction under the laws of the United States.

## 4.   Factual Basis

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

On March 13, 2012, the defendant was serving a 46-month federal custodial sentence for possession of counterfeit money and possession of a firearm with an obliterated serial number (Eastern District of Michigan Case No. 09-20264). The defendant applied for, and was approved for a furlough to serve the end of her custodial sentence at Heartline, Inc., a residential reentry center (half-way house) in Detroit, Michigan. The furlough, by its express terms, only extended the limits of the defendant's custodial confinement and, as a result, the defendant would remain in the custody of the Attorney General of the United States during the entire portion of her furlough, including when traveling to Heartline, Inc. Indeed, the defendant signed a Furlough Application that stated, just above her signature: "I understand that my furlough only extends the limits of my confinement and that I remain in the custody of the Attorney General of the United States. If I fail to remain within the extended limits of this confinement, it shall be deemed an escape from the custody of the Attorney General, punishable as provided in Section 751 of Title 18, United States Code."

The defendant also signed an Unescorted Travel Authorization Form. The form identified, among other things: (a) the location and

address where she was to report; (b) the method of transportation (Greyhound Bus); (c) the phone number of the prison in case anything happened or she was delayed; and (d) the phone number that she was to contact when she arrived at Heartline, Inc. The form again notified the defendant, in two spots, including above her signature, that she was still in the custody of the Attorney General and that any deviation or failure would result in her being deemed an escapee under 18 U.S.C. § 751.

Johnson knowingly and intentionally failed to report to Heartline Inc. and remained a fugitive from justice for nearly 10 years until she was arrested in Florida in 2021 and was subsequently returned to the custody of the Attorney General in late 2022.

**5.   Advice of Rights**

The defendant has read the Indictment, has discussed the charges and possible defenses with her attorney, and understands the crime charged. The defendant understands that, by pleading guilty, she is waiving many important rights, including the following:

A.   The right to plead not guilty and to persist in that plea;

B.   The right to a speedy and public trial by jury;

C.    The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.    The right to confront and cross-examine adverse witnesses at trial;

F.    The right to testify or not to testify at trial, whichever the defendant chooses;

G.    If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.    The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.    The right to compel the attendance of witnesses at trial.

**6.    Collateral Consequences of Conviction**

The defendant understands that her conviction here may carry additional consequences under federal or state law. The defendant understands that, if she is not a United States citizen, her conviction

here may require her to be removed from the United States, denied

citizenship, and denied admission to the United States in the future.

The defendant further understands that the additional consequences of

her conviction here may include, but are not limited to, adverse effects

on the defendant's immigration status, naturalized citizenship, right to

vote, right to carry a firearm, right to serve on a jury, and ability to hold

certain licenses or to be employed in certain fields. The defendant

understands that no one, including the defendant's attorney or the

Court, can predict to a certainty what the additional consequences of

the defendant's conviction might be. The defendant nevertheless affirms

that the defendant chooses to plead guilty regardless of any

immigration or other consequences from her conviction.

## 7. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at

sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal

Procedure 11(c)(1)(B) that the defendant receive a two-level reduction

for acceptance of responsibility under USSG § 3E1.1(a). Further, if the

defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b).] If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, her probation officer; obstructing justice in any way; denying her guilt on the offense to which she is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

C.     **Other Guideline Recommendations**

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provision applies:

§ 2P1.1(a), base offense level—13. The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provision does not apply: § 2P1.1(b)(3), because the defendant, while away from the facility, committed a federal, state or local offense punishable by a term of imprisonment of one year or more.

### D.    Factual Stipulations for Sentencing Purposes

The parties have no additional factual stipulations for sentencing purposes.

### E.    Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 7.B, 7.C, or 7.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F.    Not a Basis to Withdraw

The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if she disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 7B, 7.C, or 7.D.

The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 8.    Imposition of Sentence

### A.    Court's Obligation

The defendant understands that in determining her sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B.    Imprisonment

#### 1.    Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that a sentence no higher than 12 months and 1 day is the appropriate disposition of the case.  The parties further agree that the defendant's sentence of imprisonment on Count 1 in this case, shall, beginning September 7, 2022, run concurrent to the time defendant is serving for the remainder of her sentence of imprisonment in Eastern District of Michigan Case No. 09-Cr-20264-1, so that she is awarded credit for the time she has served since being back in the custody of the Bureau of Prisons.

### 2.     No Right to Withdraw

If the Court rejects the agreement by deciding to impose a sentence of imprisonment higher than permitted by paragraph 8.B.1, the defendant will be permitted to withdraw her guilty plea. That is the only reason the defendant may withdraw her guilty plea. If the defendant decides not to withdraw her guilty plea in those circumstances, the defendant agrees that the Court may impose a sentence higher than permitted by paragraph 8.B.1 and that all other provisions in this agreement will remain in effect.

## C.     Supervised Release

### 1.     Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a two-year term of supervised release.

### 2.     No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the

defendant's sentence of imprisonment, as described above in paragraph 8.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

## D. Fines

There is no recommendation or agreement as to a fine.

## F. Special Assessment

The defendant understands that she will be required to pay a special assessment of $100, due immediately upon sentencing.

## 9. Appeal Waiver

The defendant waives any right she may have to appeal her conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the guideline range determined by the Court, the defendant also waives any right she may have to appeal her sentence on any grounds.

## 10. Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly

files a motion under that section. The defendant, however, waives any other right she may have to challenge her conviction or sentence by collateral review, including, but not limited to, any right she may have to challenge her conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

## 11. Consequences of Withdrawal of Guilty Plea or Vacation of Judgment

If the defendant is allowed to withdraw her guilty plea, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives her right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 12. Use of Withdrawn Guilty Plea

The defendant agrees that if she is permitted to withdraw her guilty plea for any reason, she waives all of her rights under Federal Rule of Evidence 410, and the government may use her guilty plea, any statement that the defendant made at her guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

## 13. Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 14. Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer

or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

**15. Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 PM on April 2, 2023. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Dawn N. Ison
United States Attorney

_____
Brandy McMillion
Chief, General Crimes Unit
Assistant United States
Attorney

_____
Douglas Salzenstein
Assistant United States
Attorney

Dated: 4/5/2023

By signing below, the defendant and her attorney agree that the defendant has read or been read this entire document, has discussed it

with her attorney, and has had a full and complete opportunity to confer with her attorney. The defendant further agrees that she understands this entire document, agrees to its terms, has had all of her questions answered by her attorney, and is satisfied with her attorney's advice and representation.

_____
Christopher Quinn
Attorney for Defendant

Dated: 4-7-2023

_____
Michele Johnson
Defendant

4/7/23